UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS CRAIG BRUNSVIK,<br><br>Plaintiff,<br><br>v.<br><br>ERIC MAGRINI, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00973-WBS-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) PROCEED ONLY WITH HIS DUE PROCESS CLAIMS AGAINST DEFENDANTS JOHNSON, MARLAR, AND SOUTH, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

Plaintiff has filed a complaint alleging that various members of the Shasta County Sheriff's Department violated his due process rights by convicting him of a false disciplinary violation. He also alleges that, after his conviction, his Eighth Amendment rights were violated because of the unsanitary and otherwise damaging conditions of administrative segregation. After review of the complaint, I find that he has stated a viable due process claim against defendants Johnson, Marlar, and South. There are no other viable claims. Plaintiff may choose either to proceed only with his due process claim against these defendants, or he may file an amended complaint. I will also grant his application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, on an unspecified date, defendants Leonard, Decker, Forehand, and South issued a false disciplinary violation alleging that he was planning a riot and assault on jail staff. ECF No. 1 at 3. A disciplinary hearing was held and defendant Johnson presided. *Id.* at 3. Plaintiff alleges that Johnson failed to provide him advance written notice of the charges against

him and denied him the opportunity to call witnesses. *Id.* at 3, 7. He claims that defendants Marlar and South reviewed and approved Johnson's actions and the ultimate finding of guilt. *Id.* at 7. Plaintiff was convicted and transferred into administrative segregation, where the conditions were allegedly unsanitary and psychologically torturous. *Id.* at 8. He does not allege which defendant, if any, was responsible for those conditions, however. The foregoing allegations state a viable due process claim against defendants Johnson, Marlar, and South based on their responsibility for conducting plaintiff's disciplinary proceedings. His other claims are not viable, however.

Plaintiff's claims against Forehand, Decker, South, and Leonard for the issuance of a false disciplinary are not actionable under section 1983. *See*, *e.g.*, *Gadsden v. Gehris*, No. 20-cv-0470-WQH (DEB), 2020 WL 5748094, 2020 U.S. Dist. LEXIS 177509, *25 (S.D. Cal. Sep. 25, 2020) ("The allegation of the filing of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves."). His Eighth Amendment claims based on his conditions of confinement in administrative segregation fail for two reasons. First, they are unrelated to his due process claims. Whether plaintiff's rights were violated in his disciplinary proceedings is a separate question, both legally and factually, from whether his subsequent conditions of confinement were so poor that they violated his Eighth Amendment rights. Second, plaintiff has not identified which named defendant is responsible for the conditions in administrative segregation.

Finally, I note that plaintiff has named several other staff members at the Shasta County Jail but has not sufficiently alleged how they were involved in the violation of his constitutional rights. For instance, the body of his complaint is, as best I can tell, silent as to what misconduct defendants Page, Moberg, and McGarva committed.

Plaintiff may proceed only with his due process claims against defendants Johnson, Marlar, and South. Or he may delay serving any defendant and file an amended complaint. If he decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).

This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

       Accordingly, it is ORDERED that:

       1. Plaintiff's applications to proceed *in forma pauperis*, ECF No. 2, is granted.

       2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to proceed only with his due process claims against defendants Marlar, Johnson, and South. If he selects the latter option, I will recommend that all other defendants and claims be dismissed without prejudice.

       3. Failure to comply with this order may result in the dismissal of this action.

       4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   October 5, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE